IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA; GLADWIN WILSON;
OMARI MAHER; SALEH SHERIF;    **1: CV 00-0070**
CELIO DE LA CRUZ; ANH LE:        :
                                 :
(Petitioners)                    :
                                 :
                                 :
    v.                           :    DOCKET No....
                                 :
                                 :
JANET RENO, ET, AL.,             :
                                 :
(Respondents)                    :

RECEIVED SCRANTON JAN 0 7 2000
MARY E. D'ANDREA, CLERK
PER ___ DEPUTY CLERK

FILED SCRANTON JAN 1 2 2000
PER ___ DEPUTY CLERK

**PETITION FOR WRIT OF HEBEAS CORPUS**

**PURSUANT TO 28 U.S.C. §2241**


Come now petitioners, pro se, in the above course of action and file this class action civil case. Petitioners are seeking relief from the mandatory detention provision of INA § 236 (c) which is a violation of their constitutional rights to due process protection under the law as protected by the Fifth Amendment.

Petitioners further ask the honorable court to apply the standards in **Haines v. Kerner**, 404 U.S. 519 (1972) in regard to pro se petitions.


**FACTUAL BACKGROUNDS**

JIBRIL KOITA:

Koita is a native and citizen of Gambia who entered the United States in 1989 on a visitor's visa, he was inspected and legally admitted. In 1994, Koita adjusted his immigration status to that of a lawful permanent resident under the "Diversity Visa Program." Koita is married to a United States citizen with whom he has a U.S. born child. Koita's entire family resides in this country, some of them are citizens others are legal permanent residents.

In 1998, Koita was convicted of a bank fraud offense for which he received a six (6) months sentence. During his criminal proceedings Koita was free on a $1,500 bail, and was also allowed to self-surrende for his prison term.

As a result of his conviction, the Immigration and Naturalization Service (INS) initiated removal proceedings against Koita. Those proceedings are still in progress at the York Immigration court. Koita is being detained at the Snyder county prison in Selinsgrove, Pennsylvania, under (INS) custody. Koita is being held according to the mandatory provision of INA § 236(c).

GLADWIN WILSON:

Wilson came to the United States in 1988. He has been a long time lawful permanent resident and also sought citizenship, through the Naturalization process, he was approved but was unable to complete the process prior to his incarceration.

-2-

Wilson is married and has three (3) U.S. born children. His family as well as his extended family are present in the United States.

In 1998, Wilson was convicted of conspiracy to ulter and possess forged and counterfeit securities. For that offense, Wilson was given a One (1) year and one day sentence.

The (INS) placed Wison in removal proceedings, upon completing his sentence, and he remains in detention at the Snyder county prison under (INS) custody as mandated by 236(c) of the INA. Wilson's proceedings are still on going: his case is being reviewed at the Board of Immigration Appeals level.

<u>MAHER</u> <u>OMARI:</u>

Omari is a antive nad citizen of Jordan. He arrived in the United States in 1989 on a tourist visa. Omari's mother isa United States citizen who is present in the country.

In 1998, petitioner was convicted ofa bank fraud offense for which he received a twenty (20) months sentence. During the proceedings of that criminal case, Omari was free on a $5,000 bail.

Upon completing his prison sentence, Omari was placed in Administrative removal proceedings. He was later brought before an immgration Judge who granted his claim for withholding of removal. That order was appealed by the (INS). Therefore, Omari is still in removal proceedings

Omari is being detained at the Snyder county prison, as mandated by INA § 236(c), pending the outcome of his removal proceedings.

## DE LA CRUZ CELIO:

De La Cruz is a native and citizen of the Dominican Republic who arrived to the United States in 1983, he has been a lawful permanent resident for all these years. Petitioner's mother, wife, sisters, brothers, and son are all U.S. citizens.

In March, 1996, De La Cruz was convicted of a drug conspiracy offense and as a result of that conviction, the (INS) placed him in removal proceedings. He was ordered removed on May, 1999. De La Cruz has taken a timely appeal of the Immigration Judge's decision. That appeal remains pending with the BIA.

De La Cruz is currently detained a the Snyder county prison while his removal proceedings are still on going.

## SHERIF SALEH:

Saleh is a native and citizen of Egypt who entered the United States in 1984 on a visitor's visa. He adjusted his status to that of a permanent resident in 1990. Saleh is married to a U.S. citizen, and has a large extended family that is present in the United States.

In 1998, Saleh was convicted of unlawful possession of a destructive device.

After completing his twenty two (22) months sentence, Saleh was arrested by the (INS) and placed in detention at the Snyder couty prison pending the outcome of his removal proceedings. Petitioner remains at the above mentioned prison as of today, pursuant to the mandatory detention provision of INA § 236(c).

ANH LE:

Le is a native and citizen of Vietnam who arrived to the United stated in 1986 as a refugee with his mother. Le was granted permanent residence in the same year, and has been residing lawfully in the United States. Le had made several unsuccessful searchs to locate his American service man father. Le is of mixed race: half American half Vietnamese.

Le has a common law wife, and a U.S. born daughter in the Unietd States. His mother, and extended family are in this country as well.

In 1997, Le was convicted of unlawful possession of ammunition and received an eighteen months (18) sentence. Consequently, the (INS) started removal proceedings against him, and arrested him upon completion of his prison term. His removal proceedings are still in progress, and he remains detained at the Snyder county prison under (INS) custody.

All petitioners were legally admitted to the U.S., they all have strong family ties, and they are all being detained under INA § 236(c). None of them is a flight risk or a danger to society.

-5-

## SUBJECT MATTER JURISDICTION

In this petition, petitioners are raising a constitutional issue: their mandatory detention pending the outcome of removal proceedings which is in violation of due process protection under the law.

Petitioners are being detained by INS at the Snyder county prison, in Selinsgrove, Pennsylvania. This honorable court has jurisdiction to review this petition by virtue of 28 U.S.C. § 2241 which allows for persons detained illegally to seek hebeas relief from the District court over the place of confinement.

The enactment by congress of the (AEDPA) and (IIRIRA) restricted judicial review over immigration removal proceedings. Yet, the power of the great writ has remained intact to review constitutional challenges. The landmark case on this issue was recently ruled by the Supreme court in **American Arab ADC, 525 U.S. 471 (1999)**, which interpreted 1252(g) as barring review from decisions by the Attorney General to commence proceedings, to adjudicate cases, or execute removal orders. The courts have, in majority, ruled that constitutional challenges, such as this one aimed at 1226(c), do not fall within those categories barred from review. See **Parra V. Perryman, 172 F. 3d 954, 957 (7th Cir, 1999); Catney V. INS, 178 F. 3d 190 (3Rd cir, 1999); Hypolite V. Blackman, 57 F. Supp 2d 128 (M.D. Pa, 1999); Moro V. INS, 58 F. Supp 2d 854 (N.D. Ill, 1999).**

In **Velasquez V. Reno, 37 F. Supp. 2d (D.N.J,1999)**, the court held that absent a clear and express statement that hebeas jurisdiction

was repeald, it would be improper to find that 28 U.S.C. § 2241 has actually been repealed.

Jurisdiction was also confirmed in this circuit through **Sandoval; Ngo V. INS;** and **DeSoussa.**

For purposes of seeking relief from this unconstitutional detention, petitioners need not exhaust their administrative remedies by addressing the bail issue at the Board of Immigration Appeals's level. "Congress has not specifically mandated exhaustion before judicial review of custody determination." **Tam V. INS (E.D. Cal 1998).** If petitioners were to exhaust their remedies, they would have no effective way to challenge their detention while the administrative process is pending, which would result to an injury of their liberty regardless of the outcome of the proceedings. See **St John V.McElroy, 917 F. Supp. 243, 247 (S.D.N.Y 1996).**

Further, neither the INS nor the BIA have the authority to rule on the constitutionality of the statute they apply. See **Castaneda-Suarez V. INS, 993 F. 2d 142, 144 (7th Cir, 1993).** Therefore, any appeal to the BIA of a custody determiantion ruling would be futile and a waste of judicial time and efforts.

**ARGUMENT**

SECTION 1226 (c), 236(c) OF THE INA IS A VIOLATION OF DUE PROCESS BECAUSE OF THE MANDATORY DETENTION IT DICTATES.

Petitioners, being still in the hearing process, maintain their legal immigration status and are therefore entitled to considerable due process protection under the law. Also, petitioners made a legal entry to the United States, satisfying the entry fiction, and are far greater in statute and rights than excludable aliens who may be seeking an entry to the country, a privelige.

In **Plyler v. Doe,** 457 U.S. 202, 210 (1982), reach'g denied, 458 U.S. 1131 (1982) ([W]hatever his status under immigration laws, an alien is surely a person in any ordinary sense of that term. Aliens, even aliens whose presence in the country is anlawful, have long been recognized as persons guaranteed due process of the law by the Fifth and Fourteenth Amendment.) See also **Probert v. INS,** 750 F. Supp 252 (E.D.Mich, 1990); **U.S. v. Verdugo,** 494 U.S. (1990). In **Probert** the court wrote:" theFifth Amendment speaks of persons , as does the Eight Amendment. It does not speak of citizens, it does not speak of residents, it speaks of persons. All persons in the United States are entitled to fundamental due process which is totally denied by the statute 8 U.S.C. § 1252(a) (a former similar statute that mandated detention of aggrevated felons in deportation proceedings)."

Now petitioners would like to address the constitutionality, or lack of, the mandatory detention provision under 236(c) of the INA. The purpose of such detention is to prevent aliens from absconding during the removal process, if they are flight risk, and safeguard the community from any possible recidivism, from those judged to be dangerous or likely to commit crime again.

-8-

Under the compelling interest test, an evaluation would clearly show that the mandatory detention provision does not serve a legitimate gouvernmental purpose, and is clearly excessive. Such test prohibits the gouvernment from infringing a person's fundamental liberty interests, regardless of the process provided, unless the gouvernment narowlly tailors the infringement to serve a compelling state interest. See **United States V. Salerno, 481 U.S. 739, 748 107 S.ct 2095 (1987).**

In petitioners' case, the process provided that does not allow for proper due process is the eharing with the Immigration judge where aliens may ask for release on bail, but may never receive such relief because of the 236(c) provision in place. In other words, as the Immigration Judges state,:" Their hands are tied-up!" Petitioners release on bail is never evaluated under flight risk or danger to the community factors. They are denied bail without any proper due process, and that is purely unconstitutional.

In a way 1226(c) sweeps too broadly. Denying bond hearings "imputes a purpose to injure society to all detained aliens with aggrevated felony convictions, regardless of the circumstances of the individual case." **St. John, 917 F. Supp at 246** (Holding a predecessor statute unconstitutional).

In **Kellman V. District Direcr, 750 F. Supp. 625 (S.D.N.Y 1990)**, the court ruled that congress can not constitutionally render a permanent resident alien in deportation proceedings uneligible for bail without a case by case determination or suitability for release.

-9-

Petitioners are being detained in a prison. A place where persons serving sentences reside as well. Locked in cells. Those conditions are definetly restraining in a physical way. **In Flores, 507 U.S. at 302, 113 S.ct. 1439,** the court held that:" Freedom from physical restrain, in the sense of...barred cells was not at issue." Here, such freedom is at issue. Further, in **Flores**, the alien detained was a juvenile who could have been released under supervision at the discretion of the District Director. Unlike this case where all petitioners are adults,and their release is statutory illegal under the mandatory detention provision 236(c).

Statutes such as the one at hand were anonymously rejected and ruled to be unconstitutional by the courts. In **Paxton V. INS, 74 F. Supp 1261 (E.D. Mich, 1990)** the court wrote:" a statute that authorizes mandatory denial of bail acheives the same result of violating the prohibition against excessive bail within the contest of the Eight Amendment."

In **U.S. V. Salerno, 481 U.S. 739, 107 S.ct 2095, 95 L. Ed. 2d 697 (1987),** the court used a two step inquiry to determine whether the detention under the "Bail reform Act" of 1984, violated substansive due process rights of the petitioner. The court considered whether the restriction of liberty was (1) an impressible punishement; (2) excessive in relation to the goal of congress.

The court in **Paxton** followed the same reasoning as in Salerno and looked into the legislative intent behind 8 U.S.C. 1252(a)(2) (a predecessor statute) to determine if the regulation was

-10-

permissible. In its analysis, the court determined that the regulation was excessive in light of the goal it sought to acheive, and that the mandate :"the attorney general shall not release such felon from custody" is precisely the type of gouvernment conduct that "shocks the conscience and interfers with right implicit in the concept of ordered liberty'."

So many other courts have agreed that laws of such nature were unconstitutional for the simple fact that they violated due process. They are as follows:

**Kellman V. INS,** 750 F. Supp 625 (S.D.N.Y 1990);
**Leader V. Blackman,** 744 F. Supp 500 (S.D.N.Y 1990);
**Probert V. INS,** 750 F. Supp 252 (E.D. Mich, 1990)affrmd on other grounds, 954 F. 2d 1253 (6th Cir, 1992);
**Paxton V. INS,** 754 F. Supp 1261 (E.D.Mich, 1990);
**Agunobi V. Thornburgh,** 754 F. Supp 533 (N.D. Ill,1990);
**St John V. McElroy,** 917 F. Supp. 243 (S.D.N.Y 1996);
**Thomas V. McElroy,** 1996 WL 455012 (S.D.N.Y 1996);
**Ekekhor V. Alijetes,** 979 F. Supp. 540 (N.D.Ill, 1997);
**Caballero V. Caplinger,** 914 F. Supp 1374 (E.D. La, 1996)(holding a statute that mandate mandatory detention of nonlawfully admitted noncitizen with aggravated felony unconstitutional).
**Tam V. INS,** 14 F. Supp. 2d 1184, 1189 (E.D. Cal , 1998);
**Van Eeton V. Beebe,** 49 F. Supp. 2d 1186(D. Or, 1999);
**Martina V. Green,** 28 F.Supp. 2d 1275 (D.Colo, 1999);

-11-

In the present case, with 1226(c), congress seeks to detain virtually all criminal aliens , a much broader category than the group that 1225(a)(2) sought to detain. But, by doin so, congress would be imputting a purpose to injure society to all aliens.

In **United States V. Carlson**, 96L. Ed 547 (1952), the Supreme court ruled that:"a purpose to injure society could not be imputted to all aliens subject to deportation." Thus a case by case determination is essential to avoid errorneous deprivation of liberty."

In **Aguilera V. INS**, 516 F. 2d 565 (6th Cir, 1975),Cert denied, 46 L. Ed 2d 638, the court ruled that "If procedures mandated by congress do not provide an alien with procedural due process, htey must yield!". 1226(c) or INA § 236(c) is clearly one of those procedures that deprives aliens of due process. Therefore, it must yield to constitutional demands.

In **Velasquez V. Reno**, 37 F. Supp. 2d 663 (D.N.J, 1999), the court held that the mandatory detention provision of INA violates both Fifth and Eight Amendment prohibition against excessive bail.

Petitioners are being held by respondents through a statute that does not offer any due process. A true violation of the constitution. This detention has not taken under consideration the fact that all petitioners were legally admitted to the United States, that they all have families and dependents in the United States, and that they all were judged not to be a flight risk, nor a danger to society, by  federal courts of the United States,i.e. petitioners were allowed bail release for their criminal cases.

Petitioners are hereby respectfully asking that the honorable court grant them relief from this unconstitutional provision that mandate their detention. Petitioners and their dependents are suffering from severe hardship because of this detention.

The honorable court can either order petitioners released on a set nominal bail, or order respondents to conduct individualized bail hearings to determine their suitability for bail release.

Petitioners are finally begging that the court adjudicate on this matter as soon as possible so that the hardship, unfairness and injustice of INA § 236 (c) may end.


Respectfully Submitted

_____                    _____
JIBRIL KOITA                                 SALEH SHARIF

_____                    _____
GLADWIN WILSON                               ANH  LE

_____                    _____
OMARI MAHER                                  CELIO DE LA CRUZ


This petition was signed on the 3rd day of January, 2000.