UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA, GLADWIN WILSON,
OMARI MAHER, SALEH SHERIF,         :  1:CV-00-0070
CELIO DE LA CRUZ, and ANH LE,      :
                                   :  (Judge Caldwell)
         Petitioners               :
                                   :
     v.                            :
                                   :
JANET RENO,                        :
                                   :
         Respondent                :

PRSLC Belisario
FILED
HARRISBURG, PA

FEB 24 2000

MARY E. D'ANDREA, CLERK
Per_____
       Deputy Clerk

RESPONSE TO
ORDER TO SHOW CAUSE

Introduction

Petitioners Jibril Koita, Gladwin Wilson, Omari Maher, Saleh Sherif, Celio de la Cruz, and Anh Le are all aliens being detained by the Immigration and Naturalization Service (INS). They have joined in filing a habeas corpus petition under 28 U.S.C. §2241. They do not challenge the orders of removal entered against them; rather, they claim that their continued detention while their removal proceedings are pending violates their constitutional rights. They seek release from INS custody. Because the petitioners have received that process which is due an alien detainee in their situation, their joint petition for habeas corpus should be denied.

1

## Statement of the Case

Petitioners filed their "Petition for Writ of Hebeas [sic] Corpus Pursuant To 28 U.S.C. § 2241" (hereinafter "petition") on January 12, 2000. On February 3, 2000, the Court issued an Order to Show Cause requiring Respondents to file a response within twenty days, or by February 23, 2000. On February 23, 2000, respondent filed a Motion for Enlargement of Time, seeking one additional day to file a response. This response is filed on behalf of the INS in opposition to the joint petition for writ of habeas corpus.

Petitioner Jibril Koita is a native and citizen of Gambia who entered the United States in 1989 on a visitor's visa. Petition at 2. His status was changed to lawful permanent resident as of June 14, 1995. Exhibit A at 17. In 1995, he was convicted on New York criminal charges (Criminal Possession of Stolen Property in the Fifth Degree). Exhibit A at 1. In 1999, Mr. Koita was convicted in United States District Court for the District of Delaware of conspiracy to commit bank fraud, and sentenced to six months incarceration. Petition at 2. In June, 1999, Mr. Koita was placed in removal proceedings by the INS, on the grounds that he had failed to reveal several arrests on his application to adjust to permanent residence. Exhibit A at 18. In August of 1999, additional charges were filed by the INS, citing his criminal convictions set forth above. Those removal

2

proceedings are currently pending. Petition at 2. He is currently in INS custody at the Snyder County Prison. Id.

Petitioner Gladwin Wilson is a native and citizen of Guyana who entered the United States in 1988. Exhibit B at 17. Mr. Wilson applied for naturalization, but never completed the process. Petition at 2. In 1998, Mr. Wilson was convicted in the United States District Court for the Eastern District of New York of conspiring to utter and possess forged and counterfeit securities. He was sentenced to twelve months and one day incarceration. Exhibit B at 13. On April 5, 1999, he was placed in removal proceedings under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, on the grounds that he had been convicted of an aggravated felony. Exhibit B at 20. On October 15, 1999, Mr. Wilson was ordered deported to Guyana. Through his attorney (who is not representing him before this Court), he timely filed an appeal to the Board of Immigration Appeals. Exhibit B at 1-2. He is currently being detained at the Snyder County Prison. Petition at 3.

Petitioner Maher Omari is a native and citizen of Jordan. He entered to United States on a tourist visa in 1989. Petition at 3. In 1998, Mr. Omari was convicted in the United States District Court for the Northern District of Illinois of conspiracy to defraud the government. Exhibit C at 39. He was sentenced to 20 months incarceration, and was ordered to pay

3

$42,000 restitution. Exhibit C at 8. A final administrative removal order was entered against Mr. Omari on May 10, 1999. Mr. Omari requested relief under the Convention Against Torture Act; accordingly, his case was referred to an Asylum Officer. Exhibit C at 37. The Asylum Officer found that Mr. Omari had a reasonable fear of persecution or torture, and therefore on July 26, 1999, referred his case to an Immigration Judge. Exhibit C at 36. On October 8, 1999, the Immigration Judge granted Mr. Omari withholding of removal. The INS timely appealed that decision. Exhibit C at 2. Mr. Omari is being detained in the Snyder County Prison pending the outcome of proceedings. Petition at 4.

Petitioner Celio De La Cruz is a native and citizen of the Dominican Republic. He entered the United States in 1983. Petition at 4. In 1996, Mr. De La Cruz was convicted of a drug conspiracy offense. He was ordered removed in May, 1999. Id. Mr. De La Cruz appealed the order of the immigration judge to the Board of Immigration Appeals, which affirmed on November 23, 1999. Exhibit D 5-6. Mr. De La Cruz was thereafter removed to the Dominican Republic on February 10, 2000. Exhibit D at 2. Thus, Mr. De La Cruz is no longer in INS custody.

Petitioner Sherif Saleh is a native and citizen of Egypt who entered the United States in 1984 on a visitor's visa. Petition at 4. In 1990, his status was adjusted to that of a conditional

4

permanent resident, and in 1992 his status was adjusted to that of a lawful permanent resident. Exhibit E at 2. In 1998, Mr. Saleh was convicted in the United States District Court for the Eastern District of Pennsylvania for unlawful possession of a destructive device. He was sentenced to 22 months incarceration. Id. at 3. On October 5, 1999, an order of removal was entered. Id. at 4. Mr. Saleh appealed the order of the Immigration Judge to the Board of Immigration Appeals. Exhibit E at 1. The decision of the Board of Immigration Appeals is pending. Mr. Saleh is currently being held at the Snyder County Prison.

Petitioner Anh Le is a native and citizen of Vietnam who entered the United States in 1986 as a refugee. He was granted lawful permanent resident status shortly thereafter. Exhibit F at 2. Petitioner was placed in removal proceedings based on 1989 Kansas state convictions on charges of theft and receiving stolen property, criminal damage to property, and burglary; and 1991 Kansas convictions on charges of violating conditions of previous probation. Id. On January 21, 2000, a final order of removal was entered against the petitioner. Id. As of the date of filing the within petition, the period for appeal of the order to the Board of Immigration Appeals had not yet expired.

### Question Presented

Whether petitioners' continued detention by the INS while their removal proceedings are pending constitutes a deprivation of due process in violation of the United States Constitution.

5

Suggested answer in the negative.

## Argument

In 1952, Congress enacted the INA as a major recodification of all previous immigration laws. Under this statute, the Attorney General had the authority to release an alien pending a final determination of deportability. See 8 U.S.C. § 1242(a) (1970). The INA was amended in 1988 by the Anti-Drug Abuse Act of 1988, Pub.L.No. 100-690, 102 Stat. 4181 (1988) ("ADAA") to make mandatory the detention of any alien convicted of an aggravated felony. See 8 U.S.C. § 1242(a)(2) (1990). Moreover, this amendment required the offending alien to be held without the right to bond. Id.

In 1990, the INA was amended to restore the privilege of bond for aggravated felons who had been lawfully admitted to the United States and who could demonstrate that they were not a threat to the community and not likely to abscond. See 8 U.S.C. § 1242(a)(2) (1994); 8 C.F.R. § 242.2(d) (1991).

In 1996, Congress once again amended the INA by enacting the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-32, 110 Stat. 1214 (Apr. 24, 1996). Specifically, Section 440(c) of AEDPA deleted the bond exception created by the 1990 amendment and restored the prohibition on releasing aggravated felons during deportation proceedings. In addition, Section 440(c) extended the mandatory-detention without

6

bond requirement to include those aliens who had been convicted of other enumerated categories of criminal offenses.

Later in 1996, Congress again revised the immigration laws of the United States, enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-626 (Sept. 30, 1996) § 304(a)(3). This act eliminated many of the distinctions between "excludable" aliens and "deportable" aliens, substituting the concept of "removable" aliens to cover both situations. In order to ensure that the mandatory detention provisions would accommodate the new concept of removal proceedings, Congress enacted Section 303(a) of IIRIRA which created new Section 236 of the INA. As relevant to the case at bar, the statute provides:

> (c) Detention of Criminal Aliens. —
>   (1) Custody. — The Attorney General shall take into custody an alien who —
>
> . . . .
>
>      (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) . . . .

8 U.S.C. § 1226(c)(1)(B). Here, petitioners' convictions for aggravated felonies triggered the application of this provision and, thus, their detention by the INS is mandatory.

In the case at bar, the habeas petition does not challenge petitioners' respective orders of removal. Rather, the petition challenges their detention while removal proceedings are pending,

7

claiming such detention constitutes a violation of their constitutional rights.

The United States Court of Appeals for the Seventh Circuit addressed this precise question in Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999). The court reasoned as follows:

> Section 1226(c) plainly is within the power of Congress. *Martinez v. Greene*, 28 F.Supp.2d 1275 (D.Colo.1998), which held the statute unconstitutional, is unpersuasive. Persons subject to § 1226(c) have forfeited any *legal* entitlement to remain in the United States and have little hope of clemency. . . . Before the IIRIRA bail was available to persons in Parra's position as a corollary to the possibility of discretionary relief from deportation; now that this possibility is so remote, so too is any reason for release pending removal. Parra's legal right to remain in the United States has come to an end. An alien in Parra's position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately. He has the keys in his pocket. A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs.
>
> The due process calculus under *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), requires the court to evaluate the private interest, the probability of error (and the effect of additional safeguards on the rate of error), and the government's interest in dispensing with those safeguards, with a thumb on the scale in favor of the statute's constitutionality. The private interest here is not liberty in the abstract, but liberty *in the United States* by someone no longer entitled to remain in this country but eligible to live at liberty in his native land; the probability of error is zero when the alien *concedes* all elements that require removal (as Parra has done); and the public interest is substantial given the high flight rate of those released on bail. The Supreme Court held in *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), that

8

>pretrial detention in criminal prosecutions (a parallel to pre-removal detention) comports with the Constitution even though the private interest is greater, the likelihood of error must be deemed significant given the prosecutor's high burden at a criminal trial, and the public interest is less (for the skip rate on bond in criminal prosecutions is well under 90%). Given the sweeping power Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977), the constitutionality of § 1226(c) is ordained.

172 F.3d at 958 (emphasis in original). *But see* Bouayad v. Holmes, 74 F.Supp.2d 471 (E.D.Pa. 1999).

Of the six petitioners, only Mr. De La Cruz has received a final order of deportation. However, Mr. De La Cruz is no longer being detained by the INS; he has been removed to the Dominican Republic. Therefore, his challenge to his continued detention is moot.

The other petitioners continue to be detained only because they are still in removal proceedings. Their current status is not indefinite; on the contrary, their current status can continue only until their appeals are decided. At that point, they will be released, deported, or detained under the Interim Rules found to be constitutionally acceptable in Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999). Further, petitioners can at any time withdraw their defenses to the removal proceedings and return to their native lands. In the Seventh Circuit's terms, they hold the keys in their pockets.

None of these petitioners has raised any substantive defense

9

to his removal. Even Mr. Omari, the Jordanian citizen who obtained withholding of removal under the Convention Against Torture Act, has presented no substantive defense to his removability. Given the very slim likelihood that any of these petitioners will succeed in establishing entitlement to remain in this country, the balancing of interests set forth in <u>Parra</u> clearly cuts in favor of the constitutionality of the statute as applied in this case.

### Conclusion

For the foregoing reasons, respondent respectfully requests that this Court deny the joint petition for writ of habeas corpus.

> Respectfully submitted,
>
> DAVID M. BARASCH
> United States Attorney
>
> MARY CATHERINE FRYE
> Assistant U.S. Attorney
> 228 Walnut Street
> Harrisburg, PA 17108
> (717) 221-4482

Dated: February 24, 2000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 24th day of February, 2000, she served copies of the foregoing document by placing said copies in postpaid envelopes addressed to the persons hereinafter named, at the Snyder County Prison, 600 Old Colony Road, Selinsgrove, PA 17870, which is the last known address of all petitioners, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Jibril Koita
A74 190 504

Gladwin Wilson
A41 928 716

Celio Enrique Delacruz-Tarjeda
A37 647 503

Sherif Kamel Saleh
A29-734-408

Maher Omari
A76 766 772

Anh Trung Le
A27 748 801

*Kathy Enders*
KATHY ENDERS
Legal Secretary