PRSIS
Belisario

FILED
HARRISBURG, PA
MAR 13 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA, GLAWIN WILSON )
OMAR MAHER, SALEH SHERIF )
CELIO DE LE CRUZ, AND ANH LE. )
                              )   1:CV-00-0070
       v.                     )   (JUDGE CALDWELL)
                              )
                              )
                              )
       JANET RENO ET AL.,     )
       (Respondent)           )
                              )

**PETITIONER'S RESPONSE TO RESPONDENT'S**
**REPLY TO THE ORDER TO SHOW CAUSE**

Petitioner, ANH LE, pro se, and respectfully moves this Honorable court to dismiss respondent's reply to the court's order to show cause. On the ground that mandatory detention under 1226 (c) of AEDPA as unconstitutional both on its face and as applied, violating petitioner's Fifth Amendment substantive and procedural due process rights, as well as the Eigth Ameendment prohibition against excessive bail.

All the respondent's argument raised lacked merit based on these reasons:

1) Respondent stated that mandarory detention does not violate petitioner's due process right.

This statement is in opposition with the Supreme Court reasoning in **Reno v. Flores**, 507 U.S. 292 (1993), the court held that the alien's detention satisfied procedural due process so long as there was some level of individualized

-2-

determination as to the propriety of the detention, 507 U.S. at 313.

In **U.S. v. Carlson**, 96 L. Ed 547 (1952), the Supreme Court further held that a purpose to injure society could not be imputed to all alien's subject to deportation. Thus a case by case determination is essential to avoid erronous deprivation of liberty.

Many court's have followed the Supreme Court reasoning and repeatedly held that mandatory detention under Section 1226 (c) of the INA, was unconstitutional both on its face and as applied, violating alien's Fifth Amendment substantive and procedural due process right. See:

>  **Van Eeton v. Beebe**, 49 F. Supp. 2d 1186 (D. Oregon, 1999)
>
> **Martin v. Green**, 28 F. Supp. 2d 1275 (D. Col., 1998)
>
> **Tam v. INS**, 14 F. Supp. 2d 1184 (E.D. Cal., 1998)
>
> **Richard v. Reno**, 994 F. Supp. 1466 (Fla, 1999)
>
> **Alwaday v. Beebe**, 1999 WL184028 (D. Ore., 1999)
>
> **Abdel-Fattah v. Reno**, 3:99 CV-00947 (M.D., PA, 1999).
>
> **St. John v. McElroy**, 917 F. Supp. 243 (S.D.N.Y. 1996)
>
> **Cabllero v. Caplinger**, 914 F. Supp. 1374 (E.D. LA 1996).

Therefore, petitioner's due process right has been

-3-

Petitioner can not at any time withdraw his defense to the removal proceedings and return to his native land.

Further, respondent overlooked the fact that Vietnam may not permit the removal of the petitioner to his country, which may result a long-term detention.

It is clear that the petitioner has no key in his pocket and a review to the petitioner's criminal record does not reveal that the petitioner poses any significant danger to his community.

## CONCLUSION

For all the above reasons, respondent's reply should be dismissed and petitioner's petition should be granted.

Respectfully Submitted,

_____
ANH LE
# 99-00275
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

## CERTIFICATE OF SERVICE

I, _____ANH LE_____, hereby certify that a copy of the foregoing motion was mailed on this __MARCH__ day of __10th__, 2000, to the opposing party at:

MARY CATHERINE FRYE
ASSISTANT U.S. ATTORNEY
228 Walnut Street
Harrisburg, PA 17108

_____
ANH LE
# 99-00275