# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLADWIN WILSON

    Petitioner

V

JANET RENO

    Respondent

FILED
HARRISBURG, PA

JUN 23 2000

MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

PRSLC Belisario

CIVIL NO. 1 : CV-00-0070

(Judge Caldwell)

## MOTION TO EXPEDITE ORDER ON PETITIONER's
## CLASS ACTION LAW SUIT FOR BOND RELEASE AND
## SUPPLEMENTARY MEMORANDUM OF LAW

NOW COMES, petitioner GLADWIN WILSON, pro se, and respectively move this Honorable Court to expedite its ruling on petitioners motion for bail release file on or about January 12th, 2000, under **28 USC 2241** for writ of habeas corpus.

### STATEMENT OF THE CASE

Petitioner is an Immigrant who entered the United States on or about April 18,1988, as a legal permanent resident.

Petitioner has family ties in the United States, his wife ,children, brothers, Nephews, Nieces, and other relatives are United States Citizen.

Petitioner is self employed with a corporation of his own, register under the name **GLADWIN INC. SEE attachment "A"**

On or about April 7, 1998, petitioner was convicted of a conspiracy to Utter and Possess Forge & Counterfeit Securities, a Class D felony, which petitioner pleaded guilty in violation of **18 USC, Section 371** and was sentenced to one (1) year and one (1) day, and served 10 months of the sentenced.

Petitioner presently has exhusted all his administrative remedies and thus: filed motion on or about January 12,2000, for bond release in which this Honorable Court responded on February 3, 2000.

### SUPPLEMENTARY ARGUMENT IN SUPPORT OF PETITIONERS MOTION

Petitioner, "in addition," would bring to this Honorable Court's attention that several Courts have ruled on behalf of petitioners on this issue as presented in petitioners case at bar; Citing:

Velasque**l** V. Reno, 1999 WL 194. 198 (D.N.J 1999); Reyes-Rodri**l**ue**l** V. Fasano 99 CV 0023 (S.D. Cal, 1999); Abdel Fattah  V. Reno, 3:99 CV 0947 (M.D.P.A, 1999); Sena V Fasano, 99 CV 715 BTMCRBB)(S.D.Pa,1999) Zargo V. Reno, 99-1938 (NHP) (D.N.J, 1999); Miranda-Artia**l**ue V. Reno, 3: CV 99-0949 (M.D.Pa, 1999); and Said Bouayad V.M. Frances Holmes, 99-5784 E.D. Pennsylvania Dec. 17,1999 Chi Thon Ngo V. INS, 192 F.3d 390-392.

In Bouayad, Supra, the Court found that an alien's fundamental right to Liberty is unconstitutionally abridged by the mandatory detenti provision.

In support also to petitioners claim, for this Court to grant petitioner bond release as indicated in the class Action Law Suit, petitioner points to this Court the standard set in the Matter of Patel 15 I & N, Dec.666 (BIA 1976) which States that " a person in custody has a presumption of release, even if charge under an aggravated felony offense, provided he or she is not a threat to the safety of Security or to the Community or threat to the National Security (See Carlson V. Landon, 243 US 524 (1952), or that he or she is a poor bail risk, Matter of S-Y-L 9 I & N Dec. 575 (BIA 1962),

Petitioner States that, he is not a poor bail risk or a threat to the Security of his Community or threat to the national Security,

See in <u>the Matter of Andrads</u>, Dec. 488 (BIA 1987) Citing Matter of Patel.

## CONCLUSION

Wherefore, in the light of the foregoing supplementary memorandum of Law in support of the class Action Law suite filed on or about January 12, 2000, petitioner request that this honorable Court expedite its ruling on petitioners motion for bond release.

Respectfully Submitted

*Gladwin Wilson*

Gladwin Wilson
Register # 9900345
Snyder County Prison
600, Old Colony Road
Selinsgrove PA, 17870

## CERTIFICATE OF SERVICE

I, Gladwin Wilson, hereby certify that the same and exact document has been mailed prepaid to the following.

Francis Holmes
INS District Director
1600 Gallow Hill Street
Philadelphia, Pa. 19130

On this 22nd day of June, 2000

Signed *Gladwin Wilson*

Gladwin Wilson

# CERTIFICATE OF INCORPORATION

## OF

## GLADWIN INC.

### Under Section 402 of the Business Corporation Law

IT IS HEREBY CERTIFIED THAT:

    1.  The name of the corporation is:

### GLADWIN INC.

    2.  The purpose or purposes for which the corporation is formed are as follows; to wit:

To act as forwarding, shipping, freight and passenger agent; clearance and custom house broker; to do any and all things, as agent for or intermediary between shippers of passengers and carriers; to promote their interests and convenience.

To conduct, engage in and carry on the general business of transportation by air, land, and water in intrastate, interstate, and foreign commerce of passengers, freight, articles of merchandise, and cargo of every nature and description.  To own, operate, lease, buy, and manage transportation terminals and warehouses.

To engage in any lawful act or activity for which corporations may be formed under the Business Corporation Law.  The corporation is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

To own, operate, manage, acquire and deal in property, real and personal, which may be necessary to the conduct of the business.

The corporation shall have all of the powers enumerated in Section 202 of the Business Corporation Law, subject to any limitations provided in the Business Corporation Law or any other statute in the State of New York.

    3.  A director of the corporation shall not be liable to the corporation or its shareholders for damages for any breach of duty in such capacity except for

    (i)  liability if a judgment or other final adjudication adverse to a director establishes that his or her acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that the director personally gained in fact a financial profit or other advantage to which he or she

**EXHIBIT (A)**

was not legally entitled or that the director's acts violated BCL Section 719, or

(ii)   liability for any act or omission prior to the adoption of this provision.

4.   The county in which the office of the corporation is to be located in the State of New York is:   Kings

5.   The aggregate number of shares which the corporation shall have authority to issue is:   200 shares, no par value.

6.   The Secretary of State is designated as agent of the corporation upon whom process against it may be served.   The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is:

> The corporation
> 1159 Bedford Avenue
> Brooklyn, New York 11216

The undersigned incorporator is of the age of eighteen years or over.

IN WITNESS WHEREOF, this certificate has been subscribed March 5, 1993 by the undersigned who affirms that the statements made herein are true under the penalties of perjury.

> Barbara Kinnaw
> Barbara Kinnaw
> 33 Rensselaer Street
> Albany, New York 12202