IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA,
GLADWIN WILSON,
MAHER OMARI,
SALEH SHERIF,
CELIO DE LA CRUZ,
ANH LE,
      Petitioners

vs.        CIVIL ACTION NO. 1:CV-00-0070

JANET RENO,
      Respondent

FILED
HARRISBURG, PA

SEP 27 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

M E M O R A N D U M

I. Introduction.

      This pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 was filed by Jibril Koita, Gladwin Wilson, Maher Omari, Saleh Sherif, Celio De La Cruz, and Anh Le. When the case began, they were all aliens who were being detained by the Immigration and Naturalization Service (INS) while the INS pursued administrative steps to remove them from the United States.

      This case is not an attempt to litigate the merits of the removal proceedings at the agency level. Instead, it contests mandatory detention under 8 U.S.C. § 1226(c), INA § 236(c), without opportunity for release under supervision during completion of those proceedings. The petition asserts that

Certified from the record
Date 9/27/00
Mary E. D'Andrea, Clerk

mandatory detention violates the Fifth Amendment right to substantive and procedural due process.[1]

The claims of four of the petitioners have been mooted. The orders of removal for three of them, Gladwin Wilson, Saleh Sherif and Anh Le, have become final and their administrative appeals to the Board of Immigration Appeals (BIA) have been denied. They are thus no longer subject to mandatory detention under section 1226(c), INA § 236(c), although they are being detained under 8 U.S.C. § 1231, INA § 241, while they await removal. The fourth, Celio De La Cruz, has already been removed to the Dominican Republic.

However, Jibril Koita and Maher Omari are still in administrative proceedings and the petition remains viable for them. After review of the case law, we conclude that these petitioners are entitled to habeas relief, but instead of granting the writ unconditionally, we will first give the INS an opportunity to review their cases individually to determine if they should be released on bond.

---

[1] The detention issue in this case is thus different from the one we recently faced in Cuesta Martinez v. INS, 97 F. Supp. 2d 647 (M.D. Pa. 2000), where agency proceedings had been completed, the immigrant was subject to a final INS order of removal, and the issue was whether the INS could detain him indefinitely while finding a country that would accept him. See also Son Vo v. Greene, ___ F. Supp. 2d ___, 2000 WL 1175095, at *3 n.2 (D. Colo. 2000)(noting the difference in the issues).

2

II.  Background.

   A.  Jibril Koita.

   Petitioner, Jibril Koita, a citizen of Gambia, entered the United States in 1989 on a visitor's visa.  In January 1995, he was convicted in New York of possession of stolen property in the fifth degree.  In June 1995, he applied for and was granted status as a permanent resident alien.  In February 1999, he was sentenced in the United States District Court for the District of Delaware to six months for conspiracy to commit bank fraud.

   In June 1999, the INS sent Koita a notice to appear, informing him that under 8 U.S.C. § 1182(a)(6)(C)(i), INA § 212(a)(6)(C)(i), the agency intended to remove him for fraudulently failing to reveal on his application for permanent-resident-alien status several arrests in New York in 1994 and 1995 that made him inadmissible under 8 U.S.C. § 1227(a)(1)(A), INA § 237(a)(1)(A).  In August 1999, he was notified of an additional ground for removal--that his criminal convictions set forth above were crimes of moral turpitude subjecting him to removal under 8 U.S.C. § 1227(a)(2)(A)(ii), INA § 237(a)(2)(A)(ii).  Koita remains in mandatory detention while the INS proceeds against him.  He has a hearing scheduled for October 2, 2000, before an immigration judge

3

B. <u>Maher Omari</u>.

Petitioner, Maher Omari, is a citizen of Jordan who entered the United States on a student visa in 1989. In October 1998, he pled guilty in federal court to conspiracy to defraud the government and was sentenced to twenty months incarceration. On May 10, 1999, a final order of removal was entered against him on the basis that his crime was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), INA § 101(a)(43), and that it required his removal under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii).

Petitioner requested relief from removal on two grounds; first, that he would be persecuted as a member of a particular social group if he is returned to Jordan; second, that he would be tortured if he is returned. His case was referred to an asylum officer. In July 1999, the asylum officer decided that Omari had a reasonable fear of persecution and referred his case to an immigration judge.

The immigration judge held a hearing and considered Omari's claim of persecution if he is returned to Jordan. The judge also considered his claim of torture under the United Nations Convention Against Torture. On October 8, 1999, under 8 U.S.C. § 1231(b)(3), INA § 241(b)(3), the immigration judge granted Omari withholding of removal on the ground that he would be subject to persecution as a member of a particular social group.

4

The INS appealed that decision to the BIA. On April 7, 2000, the BIA reversed the immigration judge, ruling that Omari did not qualify as a member of a particular social group within the meaning of the immigration law. However, it remanded the case to the immigration judge to determine if Omari could qualify for withholding of removal on the ground of torture.

On May 24, 2000, the immigration judge again decided that Omari was entitled to withholding of removal, this time on the ground that he would be tortured if returned to Jordan.[2] On June 1, 2000, the INS appealed this ruling to the BIA, and the appeal is still pending. In the meantime, Omari is being held in mandatory detention.

III. Discussion.

In opposing the petition, the respondent argues that the petitioners have no due process right to release on bail, relying

---

[2] In doing so, the immigration judge relied on the same findings of fact he had made in connection with his earlier ruling. The immigration judge found that Omari and a cousin had fallen in love but that her family had refused them permission to marry and had arranged her marriage to another man. Shortly before the marriage, Omari used his position as a police officer to free her from her family, but only for a few days. During this time they had sexual relations. The young woman was apprehended and murdered by her own family because her conduct had violated Islamic tribal law. Omari was also marked for death by his own father, a prominent military leader in Jordan, for this transgression of tribal law. The immigration judge also found that the dead woman's family was aware that Omari was in removal proceedings and was awaiting his return. The judge concluded that the intended homicide qualified as torture under the U.N. Convention.

solely on <u>Parra v. Perryman</u>, 172 F.3d 954 (7th Cir. 1999). <u>Parra</u> did reject such a right, but its ruling was based on a narrow set of facts, so narrow that we fail to see how <u>Parra</u> could guide other courts facing the same due process issues in other factual contexts.

In <u>Parra</u>, a Mexican citizen being held in mandatory detention pending conclusion of INS removal proceedings against him filed for habeas relief, claiming that he had a due process right under the Fifth Amendment to release on bail during this period. However, he conceded his guilt for a felonious sexual assault. He also conceded that this crime was an aggravated felony under federal immigration law subjecting him to removal. There was also no question that Mexico would accept him. The Seventh Circuit concluded that an alien in these circumstances has no due process right to release on bond.

The court reasoned as follows. First, since the petitioner himself admitted that he was removable, any legal right to remain in the United States had come to an end, and any administrative appeals Parra was pursuing were merely "postponing the inevitable." 172 F.3d at 958. Second, Parra could not prevail under <u>Mathews v. Eldridge</u>, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the lead case for examining procedural due process claims. Under the <u>Mathews</u> test: (1) the private interest at stake was nonexistent since Parra's concessions left him without any cognizable interest in remaining in the United States;

6

(2) the likelihood of INS error in ordering removal was zero, again because Parra had conceded removability; and (3) the government's interest in mandatory detention was high, given that 90% of aliens released on bond flee. 172 F.3d at 958.

Our case is materially different because, unlike in Parra, neither of the petitioners here concede that they are removable. Hence, Parra's reasoning would not apply. Other courts have similarly distinguished Parra. See Chukwuezi v. Reno, No. 3:CV-99-2020, slip op. at 3-4 (M.D. Pa. May 16, 2000)(Vanaskie, C.J.); Hon Man Szeto v. Reno, 2000 WL 630869, at *4 (N.D. Cal.); Nhoc Danh v. Demore, 59 F. Supp. 2d 994, 1003 (N.D. Cal. 1999). We therefore look elsewhere to resolve the petitioners' claims.

The law in this area is unsettled. Some courts have held that immigrants have no due process rights in these circumstances and must stay in detention during INS administrative proceedings. See e.g., Avramenkov v. INS, 99 F. Supp. 2d 210 (D. Conn. 2000); Okeke v. Pasquarell, 80 F. Supp. 2d 635 (W.D. Tex. 2000); Reyes v. Underdown, 73 F. Supp. 2d 653 (W.D. La. 1999); Diaz-Zaldierna v. Fasano, 43 F. Supp. 2d 1114 (S.D. Cal. 1999). Other courts have decided otherwise. See Chukwuezi, supra; Welch v. Reno, 101 F. Supp. 2d 347 (D. Md. 2000); Van Eeton v. Beebe, 49 F. Supp. 2d 1186 (D. Ore. 1999); Nhoc Danh, supra; Bouayad v. Holmes, 74 F. Supp. 2d 471 (E.D. Pa. 1999); Martinez v. Greene, 28 F. Supp. 2d 1275 (D. Colo. 1998).

7

After review of the case law, we agree with the latter opinions and rule that, as applied, the petitioners have both a substantive and procedural due process right to a hearing before an immigration judge on whether they should be released on bond pending completion of their INS proceedings.

The cases provide the analysis, so extended discussion is not necessary. We need only note as follows. These petitioners entered the country legally and have a liberty interest in freedom from bodily restraint that is protected under both substantive and procedural due process. See Bouayad, supra, 74 F. Supp. 2d at 474 (citing Reno v. Flores, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993), and Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992)).[3]

As applied, the mandatory-detention requirement violates substantive due process because it incarcerates all immigrants who are in INS removal proceedings without regard to whether an individual alien poses a flight risk or a danger to the community. See Van Eeton, supra; and Martinez, supra, (both citing United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)); Welch, supra. Detention could exceed a year, or even more, as this case shows, since Koita's hearing has yet to take place, having been scheduled for October 2, 2000.

---

[3] Even an inadmissible alien, one apprehended before entry into the country, is protected by substantive due process. Chi Thon Ngo v. INS, 192 F.3d 390, 396 (3d Cir. 1999).

-8-

As applied, and using the Mathews analysis, mandatory detention also violates procedural due process by not granting the immigrant an opportunity to be heard on whether he should be released from confinement while INS proceedings are pending. Chukwuezi, supra; Van Eeton, supra; Nhoc Danh, supra; Martinez, supra.

Accordingly, we will order the respondent to grant these petitioners an opportunity to show that they should not be confined. As Chief Judge Vanaskie did in Chukwuezi, we will require the review process found acceptable in Chi Thon Ngo, supra, or an equivalent.

We will issue an appropriate order.

*William W. Caldwell* (signature)
William W. Caldwell
United States District Judge

Date: September 27, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA,
GLADWIN WILSON,
MAHER OMARI,
SALEH SHERIF,
CELIO DE LA CRUZ,
ANH LE,
    Petitioners

vs.  :  CIVIL ACTION NO. 1:CV-00-0070

JANET RENO,
    Respondent

FILED
HARRISBURG, PA

SEP 27 2000

O R D E R

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

AND NOW, this 27th day of September, 2000, it is ordered that:

    1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is granted as follows.

    2. The petitioners shall be released unless, within 30 days of the date of this order, the respondent grants the petitioners a review of their detention in accord with the procedures discussed in <u>Chi Thon Ngo v. INS</u>, 192 F.3d 390 (3d Cir. 1999), or other procedures that are as favorable.

    3. The Clerk of Court shall close this file but either petitioner may reopen it if the respondent has not granted the petitioner the relief ordered within the deadline imposed.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

```
              UNITED STATES DISTRICT COURT
                       FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                       September 27, 2000
```

Re:  1:00-cv-00070    Koita v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

Jibril Koita
CTY-YORK
York County Prison
57453
3400 Concord Road
York, PA   17402

Gladwin Wilson
CTY-SNY
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA   17870-8610

Omari Maher
CTY-SNY
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA   17870-8610

Saleh Sherif
CTY-SNY
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA   17870-8610

Celio De La Cruz
CTY-SNY
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA   17870-8610

Anh Le
CTY-SNY
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA   17870-8610

Mary Catherine Frye, Esq.
U.S. Attorney's Office
Room 217 Federal Building

228 Walnut St.
Harrisburg, PA 17108


cc:
Judge                            (✓)
Magistrate Judge                 ( )
U.S. Marshal                     ( )
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      (✓)
Ctroom Deputy                    (✓)
Orig-Security                    (✓)
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5              ( )
Order to Show Cause              ( )  with Petition attached & mailed certified mail
                                      to:  US Atty Gen   ( )   PA Atty Gen ( )
                                           DA of County  ( )   Respondents ( )

Bankruptcy Court                 ( )
Other_____     ( )

                                              MARY E. D'ANDREA, Clerk

DATE:    9/27/00                         BY:  _____
                                               Deputy Clerk