UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA, GLADWIN WILSON,
OMARI MAHER, SALEH SHERIF,     : 1:CV-00-0070
CELIO DE LA CRUZ, and ANH LE,  :
                               : (Judge Caldwell)
        Petitioners            :
                               :
        v.                     :
                               :
JANET RENO,                    :
                               :
        Respondent             :

RESPONSE IN OPPOSITION TO
PETITION TO REOPEN

Petitioner Jibril Koita filed a petition to reopen this case on or about November 14, 2000, on the grounds that respondent had failed to provide the file review required by the Court's October 6, 2000, Order. The Court issued an Order on November 29, 2000, directing the Clerk to reopen the case and directing respondent to file a response within twenty days. Said response was due on December 19, 2000.

Counsel for respondent was called out of town on a family emergency on December 15, 2000, and did not return to the office until December 20, 2000. As a result, the undersigned inadvertently failed to file the required response in a timely manner. Simultaneously herewith, respondent has requested a three day enlargement of time in which to file the within

1

response.

> Petitioner Koita claims that the government has:
>
> failed to comply with the order of this honorable court, that states that I.N.S. grant the petitioner a review in accordance with the procedures discussed in CHI THON NGO V. INS. Thirty days have passed with out [sic] the petitioner receiving any notification neither by certified mail or return receipt stating all specify decision to release or the condition of the petitioner release.

Petition, at 1.

It is not clear from this passage whether Mr. Koita is claiming that he did not receive a file review or that the review he received was somehow deficient.

Mr. Koita received the file review ordered by the Court, including a personal interview, on October 19, 2000. *See* Exhibit A. The undersigned has been informed by Kent Frederick, District Counsel, Immigration and Naturalization Service, that Mr. Koita has been notified of the respondent's decision to continue detention. As is clear from the Custody Review Worksheet (Exh. A), Mr. Koita received a thorough review and ample opportunity to present his case. Accordingly, the respondent has complied with the requirements of this Court's Order of October 6, 2000.

For the reasons set forth above, respondent respectfully requests that the within petition be denied and that the file be closed.

                                      Respectfully submitted,

                                      DAVID M. BARASCH
                                      United States Attorney

                                      MARY CATHERINE FRYE
                                      Assistant U.S. Attorney
                                      228 Walnut Street
                                      Harrisburg, PA 17108
                                      (717) 221-4482

Dated: December 22, 2000

# EXHIBIT - 1

# POST ORDER CUSTODY REVIEW WORKSHEET OR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** KOITA, Jibril            **"A" Number:** A74 190 504

**AKAs:**                **BOP Number:**            **Date of Birth:**

**Country of Birth:** The Gambia    **Citizenship:** The Gambia

**Date of Arrival:** November 1989     **Place of Arrival:** New York, NY

**Manner of Arrival:** Non-Imm       **Last Date into INS Custody:**

**Entered INS Custody from:**  ☒ Local, State, or Federal Institution
                               ☐ Other

**Location:** Allenwood Federal Prison        **Institution Number:**

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

   Describe:   Subject came into INS custody from Allenwood Federal Prison.

---

**Deportation Officer:** Ryan Morris        **Date of Review:**   10/19/2000

**Location Detained:** York County Prison

**Deportation/Exclusion/Removal Proceedings**

**List all Charges:**   ☒ Section 237 (a) (1),(A),
                        ☐ Section 212 (a)    ,  ,
                        ☐ Section 241        ,  ,

☐ Under <u>Final Order</u> dated _____ by ☐ IJ ☐ BIA ☒ Other *(No Final Order)*

☐ Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**
No travel document has been requested from the Gambia due to the fact that the subject has not received a final order of removal.

Page 1

## Legal Representative / Attorney

**G-28 Filed:**  ☒ Yes   ☐ No

**Notification of Interview Made:**   ☐ Yes   ☒ N/A   by:        on:

**Name of Representative / Attorney:**   Steven Morley

**Mailing Address:**   The Bourse Bldg., 11 S. Independence Mall East  Phila, PA 19106
**Telephone Number:**  (215)922-5354

**Present during interview:**   ☐ Yes   ☒ No

## Criminal History

**Outside the United States:**
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**   Yes

**NCIC Checks:**   ☒ Criminal History Attached    ☐ No record Found
                    (State and Federal)

Summary of NCIC Checks:   12/5/94-Petit Larceny; 1/8/95-Grand Larceny, CPSP, Forgery, Criminal Impersonation; 12/29/97-Crim Impersonation, False Incident Report 2/23/1999-Conspiracy(federal)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**   ☐ Yes   ☒ No

If Yes, List & Describe:

Source:

**Disciplinary reports and Incidents while in INS Custody?**   ☐ Yes   ☐ No

## Specifics of Interview

Date of File Review:        10/19/2000

Date of Detainee Interview: 10/19/2000

Location of Interview:      10/19/2000

Interviewing Officer: #1:   Ryan Morris

                      #2:   (optional)

Interpreter Used:  ☐ Yes   ☒ No     Name:
Language/Dialect:

---

Does the detainee have a place to live in the United States?   ☒ Yes   ☐ No

   Address:    1220 E. 222nd St Apt 1G, Bronx, NY 10467

Is the detainee subject to any parole or probation requirements?   ☒ Yes   ☐ No

   Describe:   A three year term of supervised release was ordered by the judge.

Does the detainee have close family ties within the United States?   ☒ Yes   ☐ No

   Describe:   Subject has both a brother and a Sister that live in the Bronx.

Does the detainee have any community ties or non-governmental sponsors?
             ☐ Yes    ☐ No
   Describe:

Does the detainee have any employment prospects?   ☒ Yes   ☐ No

   Describe:   See "Officer Notes"

What is the detainee's employment history?

   Describe:   The subject stated that he has worked at his family's grocery store. Also there are notations in the file that state that the Subject has worked as a street vendor.

What is the detainee's educational level?

   Describe:   Some College

Does the detainee have any vocational training?

   Describe:   Subject stated that he is good with computers, but no formal training is known.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**  ☐ Attached  ☐ None  ☒ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

## Discussion at Interview

**Notes:** This writer and the Subject discussed his convictions at length. Subject stated that the nature of his first arrest was he was shoping during the holidays, and after spending between $400 and $500 he walked out of the store and the alarm went off. The Subject stated that it was his belief the the pants that were not paid for were put in the bag by the clerk by mistake. The Subject claims that he was in no way responsible for this.

As for the second arrest, the subject claims he found a credit card and attempted to use it. The subject takes full responsibility for this action.

Subject claims that on his third arrest he was in a car accident with his friend's car. The police were called and when he gave the police the registration, the owner of the car's drivers license was in the envelope, and he was charged with impersonating someone else.

On his fourth arrest the subject claims that he thought that he was obtaining a "real" credit card, and did not know that fraud was involved. He backed this statement up by saying he used his true name address and social security number.

The INS detainee was found  ☐ **CREDIBLE**   ☒ **NOT CREDIBLE**
Explain: It is this writers opinion that it is possible for this scheme of events to happen to someone, but finds that it is highly unlikely that someone is arrested on four different occasions and have been wrongly accused by the authorities three times.

## Officer Comments/Analysis & Recommendation

It is this writer's recommendation that the subject be held pending his removal hearing. A decision has been made by the Institutional Hearing Program Director of Allenwood, PA that the subject was not eligible for a bond, and this was affirmed as documented in a decision by Immigration Judge Durling.

It is this writer's opinion that the subject should remain in custody as ordered by the IHP Director, and Immigration Judge Durling.

_____    10/19/00
Interviewing Officer #1:    Date:

_____    _____
Interviewing Officer #2:    Date:
(optional)

_____    10/19/00   Concur
Reviewed by:                Date:

Page 5

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

   Bond Amount: _____

☒ CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _Phila, PA_

Signature of District Director: _[signature] DDMM/DDP_   Date: _10/19/00_

## HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)

Page 6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 22nd day of December, 2000, she served copies of the foregoing document by placing said copies in postpaid envelopes addressed to the persons hereinafter named, at the addresses stated, which are the last known addresses of petitioners, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Jibril Koita
A74 190 504
York County Prison
3400 Concord Road
York, PA 17402

Maher Omari
A76 766 772
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

Sherif Kamel Saleh
A29-734-408
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

Gladwin Wilson
A41 928 716
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

Anh Trung Le
A27 748 801
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

*Kathy Enders*
KATHY ENDERS
Legal Secretary