1:00-CV-70

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

(60)
4-9-02

120 E 222nd St
Apt 16
Bronx NY 10467

LEGAL MAIL

FILED
HARRISBURG
APR 0 8 2002
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

OPEN IN PRESENCE OF INMATE

Case No: 1:00-cv-70   Document No: 55,   1 Copy Printed: Feb, 25, 2002 11:29 AM

Jibril Koita
57453
CTY-YORK
York County Prison
    Concord Road
 ork, PA 17402

**FILED**
**HARRISBURG**

APR 0 8 2002

MARY E. D'ANDREA, CLERK
Per_____
             DEPUTY CLERK

The U. S. District Court for the Middle District of PA has
established a Fax/Noticing Program effective 2/1/02.
To participate in the program, and receive notices of orders
and judgments by electronic means, please complete the
authorization form attached.

# United States District Court
# for the
# Middle District of Pennsylvania



Please file all pleadings directly with the Clerk's Office in which the assigned Judge is located. Do not file any courtesy copies with the Judge's Chambers.

| JUDICIAL OFFICERS | CLERK'S OFFICE ADDRESS |
|---|---|
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Thomas M. Blewitt<br>Magistrate Judge Malachy E. Mannion | U.S. District Court<br>235 North Washington Ave.<br>P.O. Box 1148<br>Scranton, PA 18501 |
| Judge Yvette Kane<br>Judge Sylvia H. Rambo<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>228 Walnut St.<br>P.O. Box 983<br>Harrisburg, PA 17108 |
| Judge Malcolm Muir<br>Judge James F. McClure | U.S. District Court<br>240 West Third St.<br>Suite 218<br>Williamsport, PA 17701 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUTHORIZATION TO TRANSMIT NOTICE OF ORDERS AND
JUDGMENTS VIA ELECTRONIC MEANS

The Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania is hereby authorized to transmit notice of entries of judgments and orders by electronic means in any case in which this capability exists and the undersigned appears as the attorney of record.[1]

I understand it is my responsibility to provide the Clerk's Office with a number dedicated for facsimile transmission and/or e-mail address and to notify the Clerk's Office promptly in writing if the dedicated FAX number or e-mail address changes. I also understand this electronic notice will be in lieu of notice by mail.

Printed Name: _____

PA Bar ID: _____

Firm Name: _____

Address: _____

_____

Phone: _____

Signature: _____

Date: _____

---

**FAX NUMBER DEDICATED FOR NOTICE:** _____

**E-MAIL ADDRESS DEDICATED FOR NOTICE:** _____

(Note: e-mail feature will not be available until Spring 2002)

---

Mail, fax or e-mail this authorization to:   Clerk, U.S. District Court
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Fax (570) 207-5650         E-Mail: *mdpacourt @ pamd.uscourts.gov*

**Please file only one authorization form. It will activate an account in all cases in which you are an attorney of record. You will receive notice by electronic means when your account has been established.**

---

[1] February 1, 2002 - Social Security Cases and Criminal Cases are not included in the Middle District's progam at this time, but may be included in the future.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA,
GLADWIN WILSON,
MAHER OMARI,
SALEH SHERIF,
CELIO DE LA CRUZ,
ANH LE,
    Petitioners

vs.     :    CIVIL ACTION NO. 1:CV-00-0070

JANET RENO,
    Respondent

## ORDER

AND NOW, this 25th day of February, 2002, in accord with the order of the Third Circuit, dated January 23, 2002, it is ordered that the habeas petition is dismissed as moot.

William W. Caldwell
United States District Judge

FILED
FEB 25 2002
PER
HARRISBURG, PA.    DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
*for the*
MIDDLE DISTRICT OF PENNSYLVANIA

U.S. Courthouse
228 Walnut Street, Rm. 1060
P.O. Box 983
Harrisburg, PA 17108-0983

MARY E. D'ANDREA
Clerk of Court

(717) 221-392
FAX (717) 221-395

January 10, 2002

RE: Amendments to the Middle District Local Rules of Court, effective December 1, 2001.

The judges of the United States District Court, Middle District of Pennsylvania have adopted new and amended local rules. The amendments to the local rules became effective December 1, 2001.
Rules affected by the amendments are listed below with a summary of the changes:

1. LR 4.5 Notification of Claim of Unconstitutionality. The amendment adds subsection (b) to Local Rule 4.5 which provides an additional requirement for counsel to notify the Court if the constitutionality of a state statute is drawn into question.

2. LR 5.1 Size and Other Physical Characteristics of Papers and Other Documents. The amendment addresses size of typeface, quotations, headings, footnotes and margins to be used in preparing documents to be filed with this court. Additional language provides for identifying exhibits by letter or number on the top right hand corner of the first page of the exhibit.

3. LR 5.2 Copies of Documents to be Filed with the Clerk. The amendment deletes the prohibition against the filing of discovery materials because that matter is now covered by national uniform rules. The recommended amendment would also refer to documents in the singular rather than the plural. Other provisions of this rule that no longer serve a function would be deleted. Also, the term "brief" would be added to the list of documents referenced in the rule.

4. LR 5.4 Service and Filing of Discovery Material. The amendment deletes the prohibition against the filing of discovery materials because that matter is now covered by national uniform rules. The change in our practice will be that Rule 26(a)(3) disclosures must be filed. Additional changes have been made to the rule to clarify who is to be the custodian of the original response to a discovery request.

5. LR 7.3 Exhibits and Other Documents Substantiating Pretrial Motion. The amendment makes it easier for attorneys to determine the local requirement for filing exhibits.

6. **LR 7.8 Contents and Length of Pretrial Briefs.** The amendment prohibits the practice of some attorneys when filing briefs to include by general reference the contents of a brief previously filed. The rule has also been amended to incorporate a "safe harbor" provision for submitting briefs exceeding fifteen (15) pages so long as the brief does not exceed 5000 words and to require that a brief address only one motion, except in motions for summary judgment.

7. **LR 7.9 Hearings on Pretrial Motions.** The amendment changes the caption of the rule to "Oral Arguments on Pretrial Motions".

8. **LR 7.21 Service of Post-trial Motions by Movant and Respondent of Post-trial Motions.** The amendment eliminates the provision requiring that copies of papers be served upon the trial judge.

9. **LR 7.22 Exhibits and Other Documents Supporting Post-trial Motions.** The amendment makes it easier for attorneys to determine the local requirement for filing exhibits.

10. **LR 7.33 Conformity to Pretrial Procedure.** The amendment deletes language regarding page limits for briefs. The rule references LR 7.8 regarding content and <u>length</u> of briefs.

11. **LR 16.3 Conferences of Attorneys.** The amendment deletes the requirement that counsel <u>meet</u> to discuss various matters, and will instead provide that counsel "confer to consider" those matters as provided in amended Fed.R.Civ.P. 26(f). " The rule change also alters our present local rule concerning the timing of the Rule 16 conference.

12. **LR 16.6 Pretrial Memorandum.** The amendment strikes the requirement to file a pretrial memorandum with the judge assigned to handle the pretrial conference. All documents are to be filed in the clerk's office.

13. **LR 16.7 Alternative Dispute Resolution.** The rule has been amended to comply with the ADR Act of 1998 which mandates that local rules require parties to consider Alternative Dispute Resolution.

14. **LR 16.8.2 Certification of Mediators.** The amendment provides the Chief Judge authority to waive the mediation training requirement for an applicant, if that individual has sufficient qualifications and experience.

15. **LR 16.8.6 The Mediation Session.** In addition to grammatical changes, the amendment strikes the language providing for disclosure of the settlement positions of the parties and statements made during mediation to the presiding judge in a jury trial.

16. **LR 16.9.4 Participants and Settlement Authority.** The amendment provides for confidentiality of the settlement proceedings before a settlement officer. Additionally, the

phrases "mediation session" have been changed to "settlement conference" which is rule specific. Minor grammatical changes have also been made to the rule.

17. **LR 16.9.6 Report and Recommendation.** The rule has been deleted to comply with the strict confidentiality provisions of the ADR Act.

18. **LR 30.1 Length of Depositions.** The rule has been deleted since Fed.R.Civ.P. 30(d)(2) has been amended to provide that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." This local rule number would be reserved for future use.

19. **LR 39.7 Civil Trials, Trial Briefs.** The amendment provides that trial briefs be filed three (3) days before trial to give the judges sufficient time to review trial issues. The rule has also been amended to provide that documents are to be filed with the clerk rather than given directly to the court. Additionally, the rule has been amended to reference Local Rule 7.8 to provide for consistency with respect to the length of briefs.

20. **LR 48.2 Civil Trials, Trial Without A Jury.** The amendment requires that the findings of fact and conclusions of law be filed with the pretrial memorandum instead of at the pretrial conference. Additional changes have been made to the rule in the interest of brevity, grammar and diction.

21. **LR 51.1 Civil Trials, Requests to Instruct the Jury.** The amendments to this rule have been made for the following reasons: (1) to make a few grammatical changes in the second sentence to change to the singular form, (2) to insert new language to address the requirement to reference the page for cited cases, (3) to require that requests to instruct the jury be filed no later than three (3) days before trial instead of at the beginning of the party's case in chief, and (4) to provide that documents are to be filed with the clerk, not the judge.

22. **LR 56.1 Motions for Summary Judgment.** The amendments to this rule address a grammatical error and a minor matter of diction.

23. **LR 83.2 Regulation of Public Discussion by Attorneys in Pending or Imminent Criminal and Civil Litigation.** The amendment modifies the caption of the rule to accommodate the addition of proposed new local rule 83.2.8 dealing with communication with jurors.

24. **LR 83.2.8 Juror Contact.** This is a new rule to prohibit communications with jurors without express permission from the court.

25. **LR 83.10.2 Signing Motions.** Deleted. This local rule number would be reserved for future use.

26. **LR 83.10.6 Sanctions.** Deleted. The rule does not seem to comport to practice and there are other sanction provisions in the rules.

27. **LR 83.26.3 Hearing on Application.** The amendment allows the Chief Judge to determine whether a disbarred or suspended attorney is entitled to be reinstated without the need to go through the hearing process.

28. **LR 83.26.5 Deposit for Costs of Proceeding.** The amendment eliminates the former rule in lieu of a provision which permits costs to be assessed after the fact and provides for proper accounting of the assessed costs by the Clerk of Court.

29. **LR 83.31 Retention of Control.** The amendment replaces unnecessary language regarding the contempt powers of the court with language defining this court as referenced in Chapter XVII and designating the Chief Judge or the designee(s) of the Chief Judge to act on behalf of the court when actions under Chapter XVII are necessary.

30. **LR 83.32.1 Form of Petitions and Motions.** The amendment combines current rule LR 83.32.2 with rule LR 83.32.1 to make room for the new death penalty rules. The last sentence of this rule has been amended to provide a reference to LR 83.32.2 which now contains rules governing death penalty cases. The rule has also been amended to state that it is applicable to 28 U.S.C. § 2241 petitions. Additional changes have been made to this rule in the interest of brevity, grammar and diction.

31. **LR 83.32.2 Reference to Governing Rules.** The amendment creates new Death Penalty Rules and moves the reference to Governing Rules to LR 83.32.1.

32. **LR 83.32.5 Briefs.** The rule has been deleted because it is in conflict with new Local Rule 83.32.2 which establishes requirements governing the length of briefs in <u>death penalty cases</u> different than those set forth under Local Rule 7.8 as referenced in this rule.

*Copies of the Local Rules may be obtained by contacting the Office of the Clerk of Court*
*or*
*visit the Court's Internet site @ www.pamd.uscourts.gov*